**UNITED STATES of America, Plaintiff,**

**v.**

**Irma Lee HARGRO, Defendant.**

**Civ. A. No. C84–901A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 5, 1984.

J. William Boone, Atlanta, Ga., for plaintiff.

Kenneth P. McDuffie, Atlanta, Ga., for defendant.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This is an action for property damages arising out of an automobile collision. Before the court are defendant's motion to take deposition by other than stenographic means and defendant's motion to extend discovery.

## A. *Motion to Take Deposition by Other Than Stenographic Means*

The defendant has moved to take depositions by other than stenographic means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure.[1] The asserted reason for this motion is that the defendant is unable to pay the cost of a professional court reporter. Defendant has attached to her motion a proposed order intended to facilitate the accuracy and trustworthiness of recording deposition testimony by audio tape. Plaintiff has raised numerous objections to the defendant's proposed order. Subject to the limitations set forth below, and for the following reasons, defendant's motion to take depositions by other than stenographic means is hereby GRANTED.

1. Plaintiff objects to the defendant's counsel administering the oath to deponents as outlined in defendant's proposed order, paragraph 1. In support of this objection, the plaintiff relies upon Fed.R. Civ.P. 28(c). Under that rule, depositions may not be taken before a relative, employee, attorney, or counsel of any of the parties, or one who is financially interested in the action.

■ Although a party's counsel may be disqualified for interest under Rule 28(c), that rule, in conjunction with Rules 29 and 30(b)(4), should be construed to facilitate the efficient and economic administration of justice while preserving that level of accuracy and integrity which we have come to associate with an independent stenographic record. Toward that end, Rule 29 permits the parties to stipulate that depositions be taken before "any person," unless the court orders otherwise. Since the defendant has no objection to plaintiff's counsel administering the oath to deponents, the court finds there to be no compelling need for an independent third person to perform that function.

2. Plaintiff objects to the defendant's counsel recording the deposition even if he does so with two separate recording devices as outlined in defendant's original proposed order, paragraph 2.

Plaintiff concedes that while some courts have required the operator of the recording device to be an independent person, other cases hold that when testimony is taken by other than stenographic means an independent operator is not an inflexible requirement so long as there are other means to protect the accuracy and trustworthiness of the recording.[2] Defendant has proposed to simultaneously record the depositions with three (3) separate recording devices and to give the plaintiff the option of making separate additional recordings. Given the proposed procedure for preparing a transcript and submitting it to counsel and the deponent for review, the court finds that the accuracy and trustworthiness of the deposition will be adequately protected.

3. In responding to paragraph 5 of defendant's proposed order, plaintiff submits that counsel for the United States be allowed to review the transcribed tapes and make any objections thereto prior to submission to the deponents for good faith corrections and signature. Defendant has stipulated to these requirements.

4. The plaintiff has proposed a number of safeguards relating to the quality of the

---

1. Rule 30(b)(4) provides in part:
   The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means.

2. The plaintiff cites *Jones v. Evans,* 544 F.Supp. 769 (N.D.Ga.1982) for the proposition that the court should require an independent third party to operate the recording equipment if leave is granted to take depositions by such means. The court finds *Jones* to be distinguishable from the instant case. In *Jones,* the court concluded that "the combative, uncooperative atmosphere of the discovery process to this point indicates that a third party is necessary to test and monitor the recording equipment, as well as to take custody of the original tape." *Id.* at 778. Despite the alleged refusal on the part of the defendant to stipulate to taking depositions by recording devices, the limited record in this case suggests a willingness on the part of both parties to achieve the accuracy and integrity of an independent stenographic record, while harnessing the potential cost saving factors inherent in the utilization of audio recordings made of a deposition.

tape recording device. The defendant objects to three (3) of these. Specifically, the defendant contends that the requirements of individual lavalier microphones for each participant, a recording system capable of transmitting a single signal through a single set of microphones leading into all of the recording machines simultaneously, and an independent operator of the equipment to make a detailed log/index of the proceedings are unnecessary to insure the accuracy of the proceedings, would be prohibitive in cost to the defendant, and thus, would frustrate the purpose for the requested departure from the traditional stenographic system. The court agrees.

■ Accordingly, it is hereby ORDERED that the defendant may take depositions and record the same as follows:

1) Plaintiff's counsel will be responsible for administering the oath to the deponents.

2) Defendant's counsel will record the depositions with three (3) separate recording devices; plaintiff's counsel may make separate recordings.

3) Defendant's counsel shall provide the necessary equipment, including blank tapes and log or index forms, at defendant's expense.

4) The recording devices shall be of adequate quality for voice reproduction.

5) The defendant shall place one tape in an appropriately labeled, sealed envelope and file this tape with the clerk of the court; another tape shall be made available to plaintiff's counsel, and a third tape shall be retained by the defendant.

6) Defendant's counsel shall make a log index of the proceedings and an exhibit list.

7) Defendant's counsel shall certify the correctness and completeness of the recordings submitted to plaintiff's counsel and the court.

8) Should the equipment fail so that portions of the tape are of such poor quality as to render the use of the tape unfair to the interest of any party, then no part of the tape shall be utilized by either.

9) Defendant's counsel shall have one tape transcribed. This tape shall be submitted to counsel for the plaintiff. If counsel for plaintiff believes the transcription to be substantially inaccurate, counsel for plaintiff shall so advise counsel for defendant by letter which contains a written transcription of the language in dispute and a transcription of that which counsel for the plaintiff contends is accurate. Both parties may submit a tape and a transcription to the .court for review, if necessary. The deposition will not be submitted to the witnesses for corrections and signatures until the parties have agreed to a transcript, or the court has resolved the dispute. If there is no dispute between counsel or after such dispute is resolved, the transcript shall be submitted to the deponent for good faith corrections and signatures.

10) If the deponent fails to make corrections and/or sign the transcript within thirty (30) days of submission, the transcript may be presumed to be accurate and trustworthy.

11) If a dispute arises as to any corrections made by the deponent, upon motion by either party the court shall review the tape placed with the court and resolve the conflicts.

12) The original transcript may be used in the same manner as any transcript of a deposition taken by stenographic means may be used pursuant to the Federal Rules of Civil Procedure.

### B. *Motion to Extend Discovery*

For good cause shown, and the plaintiff having consented to an extension of time for discovery, it is hereby ORDERED that defendant shall have sixty (60) days from receipt of this Order to complete discovery.